IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RACHEL HARDY, ) | | |
| ID #48653-177, ) | | |
| Movant, ) | | |
| vs. ) | | No. 3:17-CV-518-M (BH) |
| ) | | No. 3:14-CR-373-M |
| ) | | |
| UNITED STATES OF AMERICA, ) | | |
| Respondent. ) | | Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

By *Special Order 3-251*, this habeas case has been automatically referred for findings, conclusions, and recommendation. Based on the relevant findings and applicable law, the *Motion Under 28 U.S.C. § 2255, to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody* (doc. 2), received on February 22, 2017, should be **DENIED** with prejudice.

**I.  BACKGROUND**

Rachel Hardy (Movant) challenges her federal conviction and sentence in Cause No. 3:14-CR-373-M.  The respondent is the United States of America (Government).

**A.    Plea and Sentencing**

On September 24, 2014, Movant was charged by indictment with food stamp benefit fraud in violation of 7 U.S.C. § 2024(b) (count one); theft of federal public money in violation of 18 U.S.C. § 641 (counts two and four); and theft of educational funds in violation of 21 U.S.C. § 1097(a) (count three).  (*See* doc. 1.)[1]  She pled guilty to count one on January 27, 2015.  (*See* doc. 37.)

In a plea agreement, Movant stated that she understood and waived her rights to plead not

---

[1]   Unless otherwise indicated, all document numbers refer to the docket number assigned in the underlying criminal action, 3:14-CR-373-M.

guilty, to have a trial by jury, to have her guilt proven beyond a reasonable doubt, to confront and cross-examine witnesses, and to call witnesses, to not be compelled to incriminate herself, and to have the charges presented to the grand jury. (*See* doc. 13 at 1.) She understood the nature and elements of the crime and agreed that the factual resume was true. (*See id*. at 1.) The plea agreement set out the range of punishment and stated that she had discussed the federal sentencing guidelines with counsel and understood that the sentence would be imposed by the Court after consideration of the sentencing guidelines, which were advisory and not binding. (*See id*. at 2-3) She had reviewed all legal aspects and facts of the case with counsel and believed that it was in his best interest to plead guilty. (*See id*. at 5.) The guilty plea was freely and voluntarily made and was not the result of force or threats, or of promises apart from those included in the plea agreement. (*See id*. at 4.) She waived her right to contest her conviction and sentence in any direct appeal or collateral proceeding, except to bring a direct appeal challenging her sentence as either exceeding the statutory maximum punishment or having been calculated by way of an arithmetic error, or to challenge the voluntariness of her plea or waiver and to bring a claim of ineffective assistance of counsel. (*See id*. 4-5.) In exchange, the Government agreed not to bring any additional charges against her based on the conduct underlying and related to her guilty plea, and it agreed to dismiss the remaining charges in the indictment. (*See id*. at 3-4.)

On January 27, 2015, Movant and counsel appeared for her guilty plea, and she testified under oath. (*See* doc. 37.) She understood her constitutional rights, knew that a guilty plea waived her rights, and understood the consequences of pleading guilty. (*See id*. at 5-6.) She understood the charge against her and admitted that she committed each element of the offense. (*See id*. at 9-10.) She had reviewed the plea agreement with counsel and understood everything in it, including the

range of punishment. (*See id*. at 11, 14-15.) She and counsel had fully discussed the case, her guilty plea, and application of the sentencing guidelines. (*See id*. at 7-8.) She understood the judge's authority to determine the sentence and the role of the advisory guidelines. (*See id*. at 6-8.) She understood that her plea had to be voluntary and not induced by pressure, coercion, or threats. (*See id*. at 10-11.) No one made her plead guilty. (*See id*. at 11) She had discussed the factual resume with counsel and understood it and admitted that the facts set out in the factual resume were true. (*See id*. at 16.) She pled guilty, and the Court found that her guilty plea was knowing and voluntary. (*See id*. at 15, 17.) Her guilty plea was accepted on February 20, 2015. (See doc. 22.)

On April 7, 2015, the United States Probation Office (USPO) filed a Presentence Report (PSR) in which it applied the 2014 United States Sentencing Guidelines Manual (USSG). (*See* doc. 23-1 at 7, ¶ 32.) The PSR stated that Movant obtained the following government benefits to which she was not entitled: $13,996 in food stamps from the Supplemental Nutrition Assistance Program; $13,021 in social security benefits from Medicaid; $23,108 in education grants from the United States Department of Education; $10,549 from the Tarrant County Housing Authority; and $15,820 from the Grand Prairie Housing Authority, for a total loss amount of $76,494. (*See id*. at 6, ¶¶ 24, 25.) It calculated a base offense level under USSG § 2B1.1(a)(1)(B) of 7. (*See id*. at 8, ¶ 33.) Based on the loss amount, eight levels were added under USSG § 2B1.1(b)(1)(E). (*See id*. ¶ 34.) Two levels were deducted for acceptance of responsibility, resulting in a total offense level of 13. (*See id*. at 8, ¶¶ 40, 41.) With a criminal history category of three, the resulting guideline range was 18-24 months of imprisonment. (*See id*. at 22, ¶ 105.) On June 17, 2015, Movant was sentenced to 21 months of imprisonment and ordered to pay restitution in the amount of $76,494. (*See* doc. 29 at 2, 4.) The appeal was dismissed as presenting no nonfrivolous issues. (*See* doc. 48); *United*

*States v. Hardy*, No. 15-10608 (5th Cir. Mar. 18, 2016).

**B.** <u>**Substantive Claims**</u>

   (1) Movant contends that counsel was ineffective for failing to:

   (a) challenge the evidence that the government obtained regarding the amount of money that was acquired by Movant;

   (b) seek a hearing to dispute the amount of restitution;

   (2) The guilty plea was unlawfully induced, involuntary, and not made with an understanding of the nature of the charge and the consequences of the plea.

(3:17-CV-518-M, doc. 2.)

## II.  SCOPE OF RELIEF AVAILABLE UNDER § 2255

"Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Gaudet*, 81 F.3d 585, 589 (5th Cir. 1996) (citations and internal quotation marks omitted).  It is well-established that "a collateral challenge may not do service for an appeal." *United States v. Shaid*, 937 F.2d 228, 231 (5th Cir. 1991) (*en banc*) (quoting *United States v. Frady*, 456 U.S. 152, 165 (1982)).

A failure to raise a claim on direct appeal may procedurally bar an individual from raising the claim on collateral review. *United States v. Willis*, 273 F.3d 592, 595 (5th Cir. 2001). Defendants may only collaterally attack their convictions on grounds of error omitted from their direct appeals upon showing "cause" for the omission and "actual prejudice" resulting from the error. *Shaid*, 937 F.2d at 232.  However, "there is no procedural default for failure to raise an ineffective-assistance claim on direct appeal" because "requiring a criminal defendant to bring [such] claims on direct appeal does not promote the[] objectives" of the procedural default doctrine,

4

"to conserve judicial resources and to respect the law's important interest in the finality of judgments." *Massaro v. United States*, 538 U.S. 500, 503-04 (2003). The Government may also waive the procedural bar defense. *Willis*, 273 F.3d at 597.

### III. INEFFECTIVE ASSISTANCE OF COUNSEL

The Sixth Amendment to the United States Constitution provides in relevant part that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense." U.S. Const. art. VI. It guarantees a criminal defendant the effective assistance of counsel, both at trial and on appeal. *Strickland v. Washington*, 466 U.S. 668 (1984); *Evitts v. Lucey*, 469 U.S. 387, 396 (1985). To successfully state a claim of ineffective assistance of counsel, the prisoner must demonstrate that counsel's performance was deficient and that the deficient performance prejudiced his or her defense. *Id.* at 687. A failure to establish either prong of the *Strickland* test requires a finding that counsel's performance was constitutionally effective. *Id*. at 696. The Court may address the prongs in any order. *Smith v. Robbins*, 528 U.S. 259, 286 n.14 (2000).

In determining whether counsel's performance is deficient, courts "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable assistance." *Strickland*, 466 U.S. at 689. "The reasonableness of counsel's actions may be determined or substantially influenced by the defendant's own statements or actions." *Id.* at 691. To establish prejudice, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. at 694; *Williams v. Taylor*, 529 U.S. 362, 393 n.17 (2000) (inquiry focuses on whether counsel's deficient

5

performance rendered the result of the trial unreliable or the proceeding fundamentally unfair). Reviewing courts must consider the totality of the evidence before the finder of fact in assessing whether the result would likely have been different absent counsel's alleged errors. *Strickland*, 466 U.S. at 695-96.

To show prejudice in the sentencing context, a petitioner must demonstrate that the alleged deficiency of counsel created a reasonable probability that his or her sentence would have been less harsh. *See Glover v. United States*, 531 U.S. 198, 200 (2001) (holding "that if an increased prison term did flow from an error [of counsel] the petitioner has established *Strickland* prejudice"). One cannot satisfy the second prong of *Strickland* with mere speculation and conjecture. *Bradford v. Whitley*, 953 F.2d 1008, 1012 (5th Cir. 1992). Conclusory allegations are insufficient to obtain relief under § 2255. *United States v. Woods*, 870 F.2d 285, 288 n.3 (5th Cir. 1989); *United States v. Daniels*, 12 F. Supp. 2d 568, 575-76 (N.D. Tex. 1998); *see also Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000) (holding that "conclusory allegations of ineffective assistance of counsel do not raise a constitutional issue in a federal habeas proceeding").

Movant contends that counsel failed to contest the loss amount attributed to her and to request a hearing on the amount of restitution. Her claims are conclusory, and she has not shown that the loss and restitution amount of $76,494 was incorrect. *See Ikhile v. United States*, No. 3:15-CV-2555-K, 2016 WL 5704173 at *4 (N.D. Tex. Oct. 3, 2016) (movant not entitled to relief on conclusory claim of ineffective assistance of counsel where movant failed to show how the loss amount was incorrect); *Stone v. United States*, No. 3:10-CV-2190-D, 2013 WL 764718 at *2 (N.D. Tex. Jan. 10, 2013) (same), *rec. adopted*, 2014 WL 764716 (N.D. Tex. Feb. 28, 2013). She is not entitled to relief on these claims.

## IV. INVOLUNTARY PLEA

A plea of guilty waives a number of constitutional rights. *United States v. Ruiz,* 536 U.S. 622, 628 (2002); *Boykin v. Alabama*, 395 U.S. 238, 242-43 (1969). Consequently, "the Constitution insists, among other things, that the defendant enter a guilty plea that is 'voluntary' and that the defendant must make related waivers 'knowing[ly], intelligent[ly], [and] with sufficient awareness of the relevant circumstances and likely consequences." *Ruiz*, 536 U.S. at 629 (quoting *Brady v. United States*, 397 U.S. 742, 748 (1970)); *accord Bousley v. United States*, 523 U.S. 614, 618 (1998) (a plea "is constitutionally valid only to the extent it is 'voluntary' and 'intelligent'") (quoting *Brady*, 397 U.S. at 748). A plea induced by threats, improper promises, deception, or misrepresentation is not voluntary. *See United States v. Amaya*, 111 F.3d 386, 389 (5th Cir. 1997). A plea qualifies as intelligent when the criminal defendant enters it after receiving "real notice of the true nature of the charge against him, the first and most universally recognized requirement of due process." *Bousley*, 523 U.S. at 618 (quoting *Smith v. O'Grady*, 312 U.S. 329, 334 (1941)). In determining whether a plea is intelligent, "the critical issue is whether the defendant understood the nature and substance of the charges against him, and not necessarily whether he understood their technical legal effect." *Taylor v. Whitley*, 933 F.2d 325, 329 (5th Cir. 1991).

"*Boykin* requires that defendants have a hearing prior to entry of the plea, at which there needs to be an affirmative showing that the decision to plead guilty was voluntarily and intelligently made." *Matthew v. Johnson*, 201 F.3d 353, 368 n.22 (5th Cir. 2000). Rule 11 of the Federal Rules of Criminal Procedure provides procedural safeguards for assuring that guilty pleas are entered voluntarily and knowingly. It requires "a judge to address a defendant about to enter a plea of guilty, to ensure that he understands the law of his crime in relation to the facts of his case, as well

7

as his rights as a criminal defendant." *United States v. Vonn*, 535 U.S. 55, 62 (2002). "The very premise of the required Rule 11 colloquy is that, even if counsel is present, the defendant may not adequately understand the rights set forth in the Rule unless the judge explains them." *Id.* at 78 (Stevens, J., concurring). A determination of whether a defendant understands the consequences of his guilty plea does not require a trial court to determine that the defendant has a perfect understanding of the consequences, however. The Court must only ascertain whether the defendant has a realistic or reasonable understanding of his plea. *See United States v. Gracia*, 983 F.2d 625, 627-28 (5th Cir. 1993) (recognizing that one of the core concerns behind Rule 11 is "a realistic understanding of the consequences of a guilty plea"). Compliance with the admonishments required under Fed. R. Crim. P. 11 provides "prophylactic protection for the constitutional rights involved in the entry of a guilty plea." *Id.* at 627.

"The voluntariness of a plea is determined by 'considering all of the relevant circumstances surrounding it.'" *Fischer v. Wainwright*, 584 F.2d 691, 693 (5th Cir. 1978) (quoting *Brady*, 397 U.S. at 749). Courts considering challenges to guilty plea proceedings "have focused on three core concerns: absence of coercion, the defendant's understanding of the charges, and a realistic understanding of the consequences of a guilty plea." *Gracia*, 983 F.2d at 627-28. A realistic understanding of the consequences of a guilty plea means that the defendant knows the "the immediate and automatic consequences of that plea such as the maximum sentence length or fine." *Duke v. Cockrell*, 292 F.3d 414, 416 (5th Cir. 2002). "If a defendant understands the charges against him, understands the consequences of a guilty plea, and voluntarily chooses to plead guilty, without being coerced to do so, the guilty plea . . . will be upheld on federal review." *Frank v. Blackburn*, 646 F.2d 873, 882 (5th Cir. 1980) (*en banc*), *modified on other grounds*, 646 F.2d 902 (5th Cir. 1981).

Movant admitted both in the plea agreement and in her sworn testimony that she understood the charge against her. She had reviewed the plea agreement with counsel, and she understood everything in it, including the range of punishment. She and counsel fully discussed the case, her guilty plea, and application of the sentencing guidelines. She understood and waived her rights and also understood the consequences of pleading guilty. She knew that her plea had to be voluntary and not induced by pressure, coercion, or threats, and stated no one made her plead guilty. She had reviewed all legal aspects and facts of the case with counsel and believed that it was in her best interest to plead guilty, and she admitted that he committed the offense.

Inmates who challenge their guilty pleas on collateral review must overcome a "strong presumption of verity" accorded "solemn declarations" made in open court. *See Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977). They must also overcome the presumption of regularity and "great weight" accorded court records. *See United States v. Abreo*, 30 F.3d 29, 32 (5th Cir. 1994) (holding that a signed, unambiguous plea agreement "is accorded great evidentiary weight" when determining whether a plea is entered voluntarily and knowingly); *Bonvillian v. Blackburn*, 780 F.2d 1248, 1252 (5th Cir. 1986) (holding that court records are "accorded great weight"); *Webster v. Estelle*, 505 F.2d 926, 929-30 (5th Cir. 1974) (holding that court records "are entitled to a presumption of regularity").

Movant has failed to overcome the presumption of veracity given to her sworn statements in open court, and the presumption of affording great evidentiary weight to court records. *See Blackledge*, 431 U.S. at 73-74. Her sworn statements in open court and the plea documents contradict her claim that her plea was unlawfully induced, was involuntary, and that she did not understand the nature of the charge an the consequences of her plea. *See id*. Her vague and

9

conclusory assertions are not evidence of coercion or lack of awareness of the guilty plea and its consequences. *See Ross v. Estelle*, 694 F.2d 1008, 1012 (5th Cir. 1983) ("[M]ere conclusory allegations do not raise a constitutional issue in a habeas proceeding."). Movant has not shown that her guilty plea was involuntary. She has not shown that she is entitled to relief on this ground.

## V. RECOMMENDATION

The motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 should be **DENIED** with prejudice.

**SIGNED on this 10th day of October, 2018.**

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE